Samuel M. Gold, J.
Plaintiff moves pursuant to subdivision 4, 5 and 6 of rule 109 of the Civil Practice Act dismissing the first affirmative defense and counterclaim contained in the answer of the interpleaded defendant upon the grounds that they may not be properly interposed in this action; or, in the alternative, the defense and counterclaim are insufficient.
The insured vessel became a total loss. Defendant had insured the owner, the interpleaded defendant, and the plaintiff as mortgagee as interest may appear. Plaintiff alleges losses were sustained which are payable to it; these losses include legal expenses and those subject of prior litigation resulting in recovery and payment by settlement. By virtue of both ele *897 meats of loss, plaintiff claims it remains entitled to the fund in dispute. In the defense and counterclaim of the interpleaded defendant, it is alleged that at the time of institution of the action by the plaintiff against the underwriters, as referred to in paragraph eleventh of the complaint, the sum of $350,000, the face amount of the alleged mortgage, as referred to in paragraph fifth of the complaint, was not due to the plaintiff and that part or all of the indebtedness had been paid. In paragraph eleventh of the complaint, it is alleged that in January, 1959 plaintiff instituted an action against the underwriters seeking the recovery of $765,000. In paragraph fourteenth of the answer, it is alleged that the settlement of that suit in the sum of $571,520, as referred to in paragraph thirteenth of the complaint, represented moneys properly payable to the bankrupt interpleaded defendant. In paragraph thirteenth of the complaint, it is alleged that plaintiff’s prior litigation was settled by the underwriters-defendants agreeing to pay to the plaintiff on account of their liability the sum of $571,520. In paragraph fifteenth of the answer, it is alleged that the trustee in bankruptcy of the bankrupt interpleaded defendant is entitled to the sum of $571,520.
Plaintiff argues that the counterclaim is improperly pleaded since it is not confined to the fund and claim in suit. The fund is inextricable from the related matters alleged in the complaint and counterclaim, and right thereto cannot be judged in the absence of determination of all the matters raised in the complaint. Apart therefrom, article 28 of the Civil Practice Act, entitled interpleader, was enacted and became effective in 1954, repealing the former act. By proposed order resettling the order permitting intervention, plaintiff sought to restrict the interpleaded defendant to assertion in its answer of a counterclaim ‘ ‘ which may be necessary for the complete determination of the issues concerning the disputed fund.” Such proposed restriction was refused. The counterclaim as pleaded not only is related to plaintiff’s claim as set forth in the complaint, but is permitted in any event under section 285 of the Civil Practice Act. However, while as a defense it may be sufficient, it is not sufficient as a counterclaim, since it is made to stand on allegations appearing elsewhere and does not fully spell out the claim of right to the recovery sought against the plaintiff.
The motion is granted dismissing the counterclaim for insufficiency and it is otherwise denied, with leave to the defendant to amend the counterclaim by service of an amended answer within 10 days from service of a copy of this order with notice of entry.